IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CARPENTERS COMBINED FUNDS, INC., by James R. Klein, Administrator, | )<br>)<br>) |
| Plaintiff, | ) Civil Action No. 3:17-cv-81<br>) |
| v. | )<br>) **JURY TRIAL DEMANDED** |
| VINCENT ISOLDI, ERIK WEAVER and NICHOLAS GEANOPOLDS | )<br>)<br>) |
| Defendants. | ) |

## COMPLAINT

### Factual Background

1.  Jurisdiction of this action arises under §502 and §409 of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §1132 and §1109, and Sections 404(b) and 406 of ERISA, 29 U.S.C. §1104(b) and §1106, 28 U.S.C. §1331, in that Vincent Isoldi, Erik Weaver and Nicholas Geanopolds have failed to turn over certain fringe benefit contributions and wage deductions due and owing to Plaintiff Funds in violation of a collective bargaining agreement entered into with the Greater Pennsylvania Regional District Council of Carpenters and its affiliated local unions, as well as relevant provisions of several trust agreements incorporated therein.

2.  Plaintiff Carpenters Combined Funds, Inc. ("Funds") is a Pennsylvania non-profit corporation that maintains its principal place of business at 650 Ridge Road, Pittsburgh, Pennsylvania 15205.

3.  Plaintiff administers various fringe benefit funds and acts as a collection agent for such funds as well as certain employer associations and unions. James R. Klein is the Administrator of such Funds.

4. The trustees of such funds, which are employee fringe benefit plans established and maintained within the meaning of ERISA, have designated Plaintiff as their agent for the collection of contributions payable to such funds on behalf of their trustees, participants, and beneficiaries.

5. At all times material, Nuway Scaffolding, LLC ("Contractor") is or was engaged in the construction business and maintains its principal place of business at 3760 Kettle Road, Altoona, Pittsburgh, PA 16601.

6. Contractor has entered into a labor agreement ("Agreement") with the Carpenters' Union pursuant to which Contractor was obligated to submit certain monthly payments to Plaintiff for pension, medical, annuity/savings, apprenticeship and dues for the benefit of employees covered under such Agreement.

7. Plaintiff has two judgments pending against Nuway Scaffolding, LLC in the United States District Court for the Western District of Pennsylvania at Civil Action Nos. 16-220 and 17-44. These judgments remain unsatisfied.

## COUNT I

### Carpenters Combined Funds, Inc. v. Vincent Isolid, Erik Weaver and Nicholas Geanopolds

### ERISA Breach of Fiduciary Duty Action

8. The averments contained in paragraphs 1 through 6 are hereby incorporated by reference herein.

9. At all times material hereto, Defendant Vincent Isoldi served as the President, Erik Weaver ("E. Weaver") served as the Vice President and Nicholas Geanopolds ("N. Geanopolds") served as the Secretary/Treasurer (collectively referred to as "Individual Defendants") of Contractor at the address listed in Paragraph 5.

10. At all times material, Individual Defendants were responsible for overseeing the collection of all monies payable to Contractor resulting from the work performed by the carpenters employed under such Agreement.

11. At all times material, Individual Defendants were also responsible for overseeing the submittal of monthly remittance reports and fringe benefit contributions to the Plaintiff Funds.

12. At all times material, Individual Defendants also had check signing authority and the right to make decisions as to what obligations and/or payments of Contractor were to be paid and which ones were not to be paid.

13. At the time such fringe benefit contributions became due and payable by Contractor to the Funds, such monies became assets of the Funds.

14. At all times material, Individual Defendants were aware of the obligations of Contractor to timely pay fringe benefits to the Funds.

15. At all times material, Individual Defendants were aware that Contractor failed to timely pay all required fringe benefits to the Funds.

16. Nevertheless, Individual Defendants prioritized payment of corporate expenses that personally benefitted them over payment to the Funds.

17. Based upon the foregoing, Individual Defendants constitute "fiduciaries" under ERISA.

18. Based upon the foregoing, Individual Defendants violated their duty of loyalty to the beneficiaries of the Funds.

19. Based upon the foregoing, Individual Defendants also breached their fiduciary duties to the Funds by failing to cause Contractor pay to the Plaintiff Funds such contributions once they became due and payable, and is therefore personally liable for all fringe benefits and associated interest, contractual/liquidated damages, attorneys' fees and legal costs owed by Contractor to the Funds.

20. The principal contributions owed to the Funds from April 2015 through March 2017 total an estimated $194,821.97.  Employer is also obligated to submit to the Funds its April 2017 reports with payments by May 30, 2017 and all future reports with payment by the 30th of the month following the month in which the work is performed.  Plaintiff Funds estimate that each such monthly report will total at least $23,000.00.  In addition, interest through May 12, 2017 of $15,880.33 is due and contractual/liquidated damages of $79,391.61 are due to Plaintiff Funds for a total deficiency of $290,093.91.  Interest will continue to accrue after May 12, 2017 at the rate of $80.06 per day.

21. Plaintiff also claims any additional amounts that may be shown to be due as a result of any audits performed by Plaintiff or remittance reports submitted by Contractor to the Plaintiff until the termination of this case.  If employer submits future late reports and/or payments or it is determined by the Funds that additional amounts are owed by Contractor to the Funds, interest will be assessed on the principal amount thereof at 1 ¼% per month and contractual/liquidated damages at ten (10%) percent times the principal amount owed by Defendants.  In the alternative, Plaintiff reserves the right to assert a claim for such additional amounts due in a subsequent legal action.

22. Plaintiff Funds have demanded from Individual Defendants payment of all such amounts due, but they have neglected and continue to neglect to pay such amounts.

23. Pursuant to ERISA, Contractor and Individual Defendants are also obligated to Plaintiff Funds to pay Plaintiff's reasonable attorneys' fees of twenty (20%) percent of the total delinquency or $1,000.00 whichever is greater.  Such fees and expenses total $58,018.78 through May 12, 2017.  Plaintiff also claims attorneys' fees of twenty (20%) percent on any additional amounts shown to be due to Plaintiff until termination of this case.  In the alternative, the amount of such fees may be determined by the Court.

WHEREFORE, Plaintiff Funds demand that judgment be entered against Defendants in the amount of $348,112.69, plus interest from May 12, 2017 at a per diem rate of $80.06, plus legal costs, plus additional charges and fees.

## COUNT II

### Carpenters Combined Funds, Inc. v. Vincent Isoldi, Erik Weaver and Nicholas Geanopolds

### State Common Law Conversion Action

24. The averments contained in paragraphs 1 through 7 of this Complaint are hereby incorporated by reference herein. The Court has supplemental jurisdiction of the claim set forth in this Count pursuant to 28 U.S.C. § 1367.

25. Pursuant to such Agreement, Individual Defendants caused Contractor to withhold monies from its carpenter employees' wages for union dues and legislative funds that were required to be remitted to the Plaintiff Funds.

26. In violation of such Agreement, Individual Defendants failed to remit such deductions for union dues and legislative funds to the Plaintiff Funds.

27. At all times relevant to this action, Individual Defendants had the authority and the responsibility to remit such employee wage withholdings to the Plaintiff Funds.

28. Individual Defendants exercised dominion and control over the employee wage withholdings estimating $2,000.00, and authorized and/or permitted such monies to be used to pay other obligations of Contractor and/or the personal debts of Individual Defendants.

29. Based upon the foregoing, Individual Defendants intentionally converted such monies that were rightfully due and payable to the Plaintiff Funds.

30.     Plaintiff Funds are also entitled to receive from Individual Defendants interest through May 12, 2017 on such late payments of $1,380.88, plus additional interest from May 12, 2017 at 1-1/4% per month or $6.96 per day.

WHEREFORE, Plaintiff Funds demand entry of a judgment in its favor and against Vincent Isoldi, Erik Weaver and Nicholas Geanopolds in the amount of $18,321.93 plus additional interest from May 12, 2017 and costs of suit.

**JURY TRIAL DEMANDED.**

TUCKER ARENSBERG, P.C.

*s/ Jeffrey J. Leech*
Jeffrey J. Leech
PA I.D. #19814
Neil J. Gregorio
PA I.D. #90859

1500 One PPG Place
Pittsburgh, PA 15222
(412) 566-1212

Attorneys for Plaintiff,
Carpenters Combined Funds, Inc.

Lit-623275.1:010342-176520